```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


TYLER PENEAUX,

                    Plaintiff,

           v.                          CASE NO.   07-3199-SAC

CORRECTIONAL CORPORATION
OF AMERICA, et al.,

                    Defendants.
```

## O R D E R

This civil rights action was filed in the Western District of Missouri by an inmate of the Federal Correctional Institution in Pekin, Illinois (FCI). Plaintiff also requested leave to proceed in forma pauperis (Doc. 2). The federal district court in Missouri granted provisional leave and transferred the action to this district for all further proceedings, finding that the events giving rise to the complaint occurred during Mr. Peneaux's incarceration at the CCA in Leavenworth, Kansas. Having considered the materials filed, the court finds as follows.

Plaintiff names as defendants "Correctional Corporation of America (CCA) and/or Bonnie Gibson." As the factual basis for his complaint, Mr. Peneaux alleges that on or about May 26, 2007, he bit into a sloppy joe sandwich at lunch and sustained a cut to the inside of his bottom lip, after which he found a piece of metal in his sandwich.

With his complaint, plaintiff exhibits an administrative grievance in which he sought disciplinary action against defendant "Bonnie and her kitchen staff." The grievance officer's response on June 13, 2007, provided that Mr. Peneaux had been "seen by medical,"

and the kitchen staff were "made aware," offered another tray, and "will follow the procedures to properly discard the packing before using the meat."

Mr. Peneaux claims CCA violated his constitutional rights by providing a meal containing harmful metal objects. He seeks compensation "with punitive damages" for "medical and bodily harm caused by (CCA) and/or Officer Bonnie Gibson."

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

This court now considers plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2), which was only provisionally granted by the transferor court. Having examined the motion, this court finds plaintiff has not provide a certified copy of his inmate account showing deposits, withdrawals, and balances for the six months preceding the filing of the complaint as expressly required by 28 U.S.C. 1915(a)(2). He simply states, in response to questions in his form affidavit, that he has had no "funds in prison accounts during the last six (6) months." Federal inmates have institutional accounts, and a prisoner litigant is required by statute to provide a certified copy of his institutional account in addition to his affidavit. Plaintiff will be given time to provide the required documentation in support of his motion for leave to proceed in forma pauperis. If he fails to provide the information within the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Peneaux is a prisoner, the court is required

2

by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed.

Plaintiff states no cause of action against either defendant under 42 U.S.C. 1983, which provides a remedy against a defendant whose acts were taken "under color of state law."  Plaintiff sues the CCA, the private corporation operating the FCI at Leavenworth under contract with the federal Bureau of Prisons (BOP), and a private employee of that corporation.  Neither the corporation nor the individual appears to be a state actor.

Since plaintiff is in federal custody, the court considered treating the complaint as asserted under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1999), in which the U.S. Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  See <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001).  However, a <u>Bivens</u> action may be brought only against individual federal agents, and not agencies.  As noted, the CCA is a private entity and is clearly not an individual federal agent.  In <u>Malesko</u>, the Supreme Court held that its precedent, namely <u>FDIC v. Meyer</u>, 510 U.S. 471 (1994), "forecloses the extension of <u>Bivens</u> to private entities," including those "acting under color of federal law."  <u>Malesko</u>, 534 U.S. at 66 FN2.  It follows that plaintiff states no cause of action against the CCA under either Section 1983 or <u>Bivens</u>.  Nor has it been established that employees of a private

3

prison are federal agents.  Plaintiff also does not allege facts establishing diversity jurisdiction.

Federal prisoners detained in private prisons in Kansas have access to state law remedies for challenging the misconduct of prison employees[1].  Assuming plaintiff is attempting to claim defendant Gibson subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, he will be required to show that the named defendant acted with "deliberate indifference."  A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Proving such a federal constitutional claim from the facts alleged would be much less likely than proving a negligence claim against the responsible individual in state court[2].  In any event, having available a state cause of action for damages

---

[1] Because it appears likely that this court will eventually determine no federal constitutional claim is presented, plaintiff would be well-advised to seek relief in state court, if he so desires, before the applicable statute of limitations runs.

[2] Malesko was a 5/4 decision.  Four justices in dissent opined that Bivens would apply to individual employees of a private corporation, and noted the majority relied "at least in part, on the availability of a remedy against employees of private prisons."  The dissent also referred to private corporations as "subagents of the Federal Government," and found it "puzzling that Bivens liability would attach to the private individual employees of such corporations . . . , but not to the corporate agents themselves."  Malesko, 534 U.S. 79, FN6; cf., Holly v. Scott, 434 F.3d 287, 292 (4th Cir. 2006), cert. denied, 126 S.Ct. 2333 (2006)(employees of a private corporation under contract with the federal government were not "federal officials, federal employees, or even independent contractors in the service of federal government.").  The current state of the law then is that Bivens liability does not attach to private corporations, and its applicability is not settled as to individual employees of the private corporation.

against an individual defendant removes the circumstance which might render <u>Bivens</u> applicable: to provide an otherwise nonexistent cause of action or to provide a cause of action for a plaintiff who lacked any alternative remedy.  See <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1099-1101 (10th Cir. 2005), *vacated in part and affirmed in part*, 449 F.3d 1097 (10th Cir. 2006), (district court has subject matter jurisdiction over claim, but claim subject to being dismissed for failure to state a claim upon which relief may be granted), <u>cert</u>. <u>denied</u>, 127 S.Ct. 687 (2006).

Thus, the Supreme Court has not resolved the question of whether or not employees of private prisons housing federal inmates act "under color of federal law."  However, even if plaintiff were allowed to sue a private prison employee under <u>Bivens</u>, his factual allegations are insufficient to state a claim of cruel and unusual punishment.  He does not allege facts showing the personal participation of the only individual named as defendant.  Nor does he allege sufficient facts showing "deliberate indifference" to a known risk by defendant Gibson.  The isolated, incident described by plaintiff which may have been nothing more than negligence is not shown to amount to a federal constitutional violation.  Plaintiff will be given time to show cause why this action should not be dismissed for failure to state facts in support of a federal constitutional claim.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit a certified copy of his inmate account for the six-month period immediately preceding the filing of his complaint in support of his in forma pauperis motion; and in which

to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
